(27 App. Div. 45.)

BROWN v. BROWN et al.

(Supreme Court, Appellate Division, First Department. March 11, 1898.)

WILLS—VESTING OF ESTATE.

    The will of a testator directed a conversion of his estate, and its division among his nine children, and, though it authorized the executors to collect the "proceeds, rents, issues, and profits," it made no disposition of the rents, issues, and profits when collected. *Held*, upon an examination of the entire will, that the interest created thereby vested at the death of the testator.

Submission of controversy between Mary Ann Brown, as executrix of Helen Brown, deceased, against Melville Brown and others. Judgment for plaintiff.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Herbert B. Turner, for plaintiff.
Henry B. B. Stapler, for defendants.

PATTERSON, J. It appears by the agreed statement of facts contained in the submission herein that the plaintiff is the executrix of and residuary legatee under the will of her sister, Helen Brown, who was one of the nine children of Stewart Brown, deceased. The defendants Melville Brown and William H. Brown are the executors of the last will and testament of Stewart Brown, and it appears that they have administered and distributed the estate of their testator, with

the exception of a sum of $16,000, capital of a fund reserved in their hands for the payment of an annuity tó an annuitant now deceased, certain other personal property of the value of $7,000, and certain real estate in New Jersey.    The plaintiff claims to be entitled, as executrix, etc., to the sums of $1,884.84, being one-ninth of the $16,000, and of $777.77, being one-ninth of the $7,000 of personal property; and judgment is demanded therefor.

The plaintiff's right depends altogether upon the construction to be given to the will of Stewart Brown.    The one-ninth now claimed by the plaintiff is that to which her testatrix was entitled under the will of her father, provided her interest vested immediately upon his death; and we think there can be no question that it did so vest, and that she could dispose of the same by her will.    The intention of Stewart Brown is unmistakably plain.    It was to have his whole estate divided (less debts and funeral expenses) among his nine children, and, in case any one of these children should have predeceased him, the issue of such predeceased child to stand in his or her place.    That is the only interpretation that can be given to that clause of the will which directs his executors as follows:  "Thereupon to divide the aggregate into as many equal shares or parts as there shall be then living children, or the issue of deceased children of mine; such issue of each deceased child to represent one share of such division."    There is nothing in any provision of the will to indicate in any way that the vesting in interest of the shares  should be postponed until after the mere administrative act of making a division should be performed by the executors; nor is there any interposition of a trust estate of such a character as to prevent such shares vesting at once in interest.    Indeed, it is more than doubtful whether any valid trust is created by the will at all, although the gift in the second clause is in form "in trust" to convert, etc.    In that second clause there is no gift of the rents, issues, and profits, and therefore, under the Revised Statutes, that clause, standing alone, would create merely a power in trust.    At the end of the first paragraph of the fifth clause of the will there is an authority given to the executors, as such, "to collect the proceeds, rents, issues, and profits," but nowhere in the will is there anything said as to what disposition shall be made of the rents, issues, and profits when collected.    They are neither to be applied to the use of any person during life, nor to accumulate for any purpose, nor within any limit prescribed in the statute relating to the creation and division of estates.    But whether there was or was not a trust, the whole duty to be performed by the executors was only to convert the estate into money or securities, and make a division.   The real effect of the contention of the defendants is that a trust was created to divide the property, and to commence at the time of the death of the testator, and that the shares could not vest until the division was made. That construction would render inalienable each share while the trust was being performed, and the entire income of the property would, therefore, accumulate until the division should be completed.    Such a scheme would be manifestly illegal, and no such intention on the part of the testator is to be presumed.

It was held in Manice v. Manice, 43 N. Y. 303, that when shares in real or personal property are disposed of by a will, and such shares are

to be ascertained by a division, the interest of every legatee in the property passing under the will, and to be divided, is a vested interest before the conversion or division, although it is not to take effect in actual enjoyment until the time appointed for the division arrives. We can find nothing in the present will that annexes futurity to the vesting in interest of any one of the nine shares into which Mr. Stewart Brown, by his will, directed his property to be divided. His intention that it should vest immediately is emphasized by the third and fourth clauses of the will. He provides for the creation of trusts of the shares of any child or distributee who might be under the age of 21 years at the time of his (the testator's) death; thus indicating that it was the intention that the interest should vest as of the time of his decease. A provision is also made for the support and maintenance, out of the share so held in trust, of the infant to whom such share belongs. We think it is too clear for denial that all these interests vested at the time of Stewart Brown's death, and that the share of Helen Brown passed, under her will, to the plaintiff.

The plaintiff should have judgment upon the submission as asked for, with costs. All concur.